**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-25652-KMM

RYAN O'NEAL,

Petitioner,

v.

WARDEN, MIAMI FEDERAL DETENTION CENTER, *et al.*,

Respondents.
_______________________________________/

# ORDER

THIS CAUSE came before the Court upon Petitioner Ryan Daniel O'Neal's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition" or "Pet."). (ECF No. 1). On August 20, 2026, the Court issued an Order to Show Cause (the "OTSC"). (ECF No. 3). Respondents filed a Response to the OTSC (the "Response" or "Resp.") (ECF No. 4), and Petitioner filed a Reply (the "Reply") (ECF No. 5). The Court then ordered supplemental briefing. (ECF No. 7). Petitioner filed a Supplemental Response ("Pet. Supp.") (ECF No. 8) and Respondents filed a Supplemental Response ("Resp. Supp.") (ECF No. 9). Also pending are Petitioner's Motion to Expedite (ECF No. 6) and Petitioner's Motion to Expedite or for Prompt Adjudication of Habeas Petition and Notice of Supplemental Development (ECF No. 10), to which Respondents filed a response (ECF No. 11). The matter is now ripe for review. As set forth below, the Petition is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

Petitioner is a native and citizen of Belize. Pet. ¶ 22; (ECF No. 4-2) ¶ 6. On August 19, 2021, U.S. Border Patrol agents encountered Petitioner in the Rio Grande Valley,

Texas, after he entered the United States without inspection. (ECF No. 4-2) ¶¶ 7–8. On August 23, 2021, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner on an order of recognizance. *Id.* ¶ 10; (ECF No. 4-3). On April 14, 2022, the Department of Homeland Security ("DHS") filed a Notice to Appear, charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. (ECF No. 4-2) ¶ 11; (ECF No. 4-4). On May 7, 2024, at the joint request of both DHS and Petitioner, an Immigration Judge administratively closed Petitioner's removal proceedings. (ECF No. 4-2) ¶ 12; (ECF No. 9-1).

On June 28, 2026, the Lee County Sheriff's Office arrested Petitioner on charges of burglary of an occupied structure, unarmed; kidnapping/false imprisonment of a person, domestic violence; and battery by strangulation, domestic violence. Resp. at 2; (ECF No. 4-2) ¶ 13. On July 3, 2026, Petitioner was transferred to ICE custody. Resp. at 2; (ECF No. 4-2) ¶ 14; (ECF No. 4-3). On July 22, 2026, the state charges were dismissed. (ECF No. 4-2) ¶ 15; Pet. ¶ 32.

On July 14, 2026, ICE issued a new Notice to Appear, commencing a second removal proceeding. Resp. Supp. at 2. On August 10, 2026, the Immigration Judge granted DHS's motion to dismiss that second proceeding without prejudice, noting that Petitioner "has an underlying case and the DHS will file a motion to recalendar." (ECF No. 9-2) at 1. The same day, the Immigration Judge entered a "no action" order on Petitioner's request for a custody redetermination. (ECF No. 4-2) ¶ 16; (ECF No. 4-7). On August 18, 2026, the Immigration Court granted DHS's motion to recalendar Petitioner's original removal proceeding. (ECF No. 4-2) ¶ 17; (ECF No. 4-8). On September 21, 2026, following a custody redetermination hearing, the Immigration Judge denied Petitioner's request for a change in custody status on the ground that Petitioner is subject

to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E). (ECF No. 9-3) at 1. Petitioner reserved appeal, and any appeal was due by October 21, 2026. *Id.* at 2.

On October 20, 2026, U.S. Citizenship and Immigration Services approved a Form I-130, Petition for Alien Relative, filed on Petitioner's behalf by his U.S. citizen spouse. (ECF No. 10) ¶ 6; (ECF No. 10-1). Petitioner remains detained at the Miami Federal Detention Center. Resp. at 3; (ECF No. 4-2) ¶¶ 5, 19.

Petitioner filed the Petition on August 19, 2026. He asserts four counts: (1) his continued detention is not authorized by the Immigration and Nationality Act ("INA") because his removal proceedings were dismissed, Pet. ¶¶ 50–59; (2) his prolonged detention without a constitutionally adequate bond hearing violates due process, *id.* ¶¶ 60–72; (3) immediate release is the only adequate remedy, *id.* ¶¶ 73–82; and (4) he has been improperly classified as detained under 8 U.S.C. § 1225(b)(2)(A) rather than 8 U.S.C. § 1226(a), *id.* ¶¶ 83–91. Petitioner contends that exhaustion of administrative remedies would be futile. *Id.* ¶¶ 92–93. In response to the Court's request for supplemental briefing, Petitioner states that he is "not principally seeking another bond hearing" but rather "immediate release." Pet. Supp. at 5–6.

Respondents argue that the Petition should be dismissed for failure to exhaust administrative remedies, Resp. at 3–6; Resp. Supp. at 4–5, and that Petitioner is lawfully detained under § 1226(c)(1)(E), Resp. Supp. at 5–9; (ECF No. 11) at 2–6.

## II. LEGAL STANDARD

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). The "essence of habeas

corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Further, for "'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court's habeas jurisdiction extends to challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

### A. The Parties' Supplemental Filings

Respondents' Supplemental Response was filed six days after the deadline set by the Court. Resp. Supp. at 1; (ECF No. 7). Respondents ask the Court to accept it as timely under Federal Rule of Civil Procedure 6(b)(1)(B), citing inadvertent miscalendaring. Resp. Supp. at 1. Petitioner asks the Court to deem the Petition unopposed and to preclude Respondents from relying on arguments not timely presented. Pet. Supp. at 7–8. The Court accepts Respondents' Supplemental Response. The delay was brief, Petitioner has not identified any prejudice, and default judgments are disfavored in habeas proceedings. *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). Petitioner's request is therefore DENIED. Respondents are cautioned, however, that a request for relief under Rule 6(b) must be made by motion, *see* Fed. R. Civ. P. 6(b)(1), 7(b)(1), and that the Court expects strict compliance with its deadlines in habeas proceedings.

### B. Exhaustion

Respondents contend that Petitioner was required to exhaust his administrative remedies before seeking habeas relief. Resp. at 3–6; Resp. Supp. at 4–5. Exhaustion, however, is not a jurisdictional requirement in a § 2241 proceeding. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–

75 (11th Cir. 2015). Because exhaustion is not jurisdictional, a court "may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id.* at 475 (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)). Because the Petition fails on the merits, the Court does not reach the question of exhaustion.

**C. Petitioner's Removal Proceedings Remain Pending**

Count I of the Petition rests on the premise that Petitioner's removal proceedings were dismissed, leaving no statutory basis for his detention. Pet. ¶¶ 57–59. The record does not support that premise. The proceeding the Immigration Judge dismissed on August 10, 2026, was a second, duplicative proceeding commenced by the July 14, 2026 Notice to Appear. Resp. Supp. at 2; (ECF No. 9-2) at 1. Petitioner's original removal proceeding was never terminated. It was administratively closed in 2024 and recalendared on August 18, 2026. (ECF No. 4-2) ¶¶ 12, 17; (ECF No. 9-1). Petitioner therefore remains in pending removal proceedings, and his detention is governed by 8 U.S.C. § 1226. *See* (ECF No. 11-1). To the extent Petitioner challenges the period between the August 10, 2026 dismissal and the August 18, 2026 recalendaring, *see* Pet. Supp. at 6–7, that period has ended. The Court cannot grant meaningful relief from a past period of detention. *See Preiser*, 411 U.S. at 484. Count I therefore fails.

**D. Petitioner Is Not Detained Under § 1225(b)(2)(A)**

Count IV asserts that Petitioner has been improperly classified as detained under § 1225(b)(2)(A). Pet. ¶¶ 83–91. Respondents, however, do not contend that Petitioner is detained under § 1225(b)(2)(A). *See generally* Resp. Nor did the Immigration Judge rely on that provision. (ECF No. 9-3) at 1. Rather, Respondents contend, and the Immigration Judge determined, that Petitioner is detained under § 1226(c)(1)(E). Resp. Supp. at 5–9; (ECF No. 9-3) at 1. Because

Petitioner has not been classified as detained under § 1225(b)(2)(A), the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), does not entitle him to relief, and Count IV fails.

**E. Petitioner's Detention Under § 1226(c)(1)(E)**

Under § 1226(c)(1)(E), "[t]he Attorney General shall take into custody any alien who . . . (i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." Detention under § 1226(c) is mandatory. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018); *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007) ("[W]here Congress uses the word 'shall' to describe a party's obligation, Congress intends to command rather than suggest." (citations omitted)).

Here, DHS charged Petitioner as inadmissible under § 1182(a)(6)(A)(i), (ECF No. 4-4), and Petitioner was arrested for burglary of an occupied structure, (ECF No. 4-2) ¶ 13. The Immigration Judge determined that Petitioner is subject to mandatory detention under § 1226(c)(1)(E). (ECF No. 9-3) at 1. Petitioner does not contend that he falls outside § 1226(c)(1)(E). His statutory challenge rests instead on the premises that his removal proceedings were dismissed and that he has been classified under § 1225(b)(2)(A), see Pet. ¶¶ 50–59, 83–91, neither of which is supported by the record.

Nor has Petitioner shown that his detention violates due process. The Supreme Court has upheld mandatory detention under § 1226(c) for the "limited period" necessary for removal proceedings. *Demore v. Kim*, 538 U.S. 510, 526, 531 (2003). Petitioner has been detained for

approximately four and a half months while his removal proceedings remain ongoing. (ECF No. 4-3). On this record, Petitioner has not shown that his detention is unreasonable. Moreover, Petitioner states he "is not principally seeking another bond hearing" and seeks only immediate release. Pet. Supp. at 5–6. Such relief is not warranted when Petitioner has not established that his detention is unlawful. *See Munaf*, 553 U.S. at 693. Count II therefore fails. Count III, which seeks the remedy of immediate release rather than stating an independent claim, see Pet. ¶¶ 73–82, fails with the remaining Counts.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Petition (ECF No. 1) is DENIED WITHOUT PREJUDICE. Petitioner's request to deem the Petition unopposed (ECF No. 8) is DENIED. Petitioner's Motion to Expedite (ECF No. 6) and Motion to Expedite or for Prompt Adjudication of Habeas Petition (ECF No. 10) are DENIED AS MOOT. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of November, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record